SECRETARY OF JUSTICE, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, BAYAMÓN PART, HIRAM TORRES RIGUAL, JUDGE, Respondent; THE FIRST NATIONAL CITY BANK OF NEW YORK, Intervener.

Nos. O-67-34,    Decided June 29, 1967.
O-67-35,
O-67-36.

*J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for petitioner. *Juan L. Cruz Rosario, Pedro D. Quiles Mariani,* and *Adán E. Montalvo* for intervener. *Mario A. Rodríguez* for Ramón Rodríguez and Enilda Rodríguez Vega.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

██ The only matter to be determined in these appeals is whether the term of 10 days which the Uniform Vehicle, Mount, Vessel and Plane Seizure Act[1] grants to the Secretary of Justice, the Secretary of the Treasury, and the Police Superintendent, to serve notice of the property seized on the persons interested therein, is mandatory or directive.

There is no controversy as to the fact that in the three cases notice was served on the persons interested therein, outside of said 10-day period. In one of them it was served on the eleventh day after the seizure, in another, on the thirteenth day, and in the other on the twelfth day.

██ The Superior Court decided that because of serving the notice subsequent to the 10 days, the proceeding of seizure was void and as a consequence it declared the seizures void and ordered the return of the properties so seized.

Section 2 (a) of the cited Uniform Vehicle, Mount, Vessel and Plane Seizure Act provides:

(a) The proceeding shall be begun by the seizure of the property by the Secretary of Justice, the Secretary of the Treasury or the Police Superintendent, through their delegates, policemen or other peace officers. The officer under whose authority the action is taken shall serve notice on the owner of the property seized or the person in charge thereof or any person having any known right or interested therein, of the seizure and of the appraisal of the properties so seized, said notice to be served in an authentic manner, within ten (10) days following such seizure and such notice shall be understood to have been served upon the mailing thereof with return receipt requested. The owners, persons in charge, and other persons having a known interest in the property so seized may challenge the confiscation within the fifteen (15) days following the service of the notice on them, through a complaint against the officer under whose authority the confiscation has been made, on whom notice shall be served, and which complaint shall be filed in the Part of the Superior Court corresponding to the place where the seizure was made and shall be heard without subjection to docket. All

---

[1] 34 L.P.R.A. § 1722.

questions that may arise shall be decided and all other proceedings shall be conducted as in an ordinary civil action. Against the judgment entered no remedy shall lie other than a certiorari before the Supreme Court, limited to issues of law. The filing of such complaint within the period herein established shall be considered a jurisdictional prerequisite for the availing of the action herein authorized."

The Act expressly provided that the officer under whose authority the action is taken shall serve notice on the owner of the property seized or the person in charge thereof, or any person having any known right or interested therein, of the seizure and of the appraisal of the properties so seized, *"said notice to be served in an authentic manner, within ten (10) days following such seizure,* and such notice shall be understood to have been served upon the mailing thereof with return receipt requested." (Italics ours.)

In interpreting statutes, we have at times decided that terms like "should," can be read as "may," making thus directive what is apparently mandatory; but it always has been done to conform the language of the statute to the legislative purpose. If in this case we would give such interpretation to the Act, we would be frustrating the intent of the legislature. Once it were decided that the term of 10 days to serve notice of the properties so seized is directive, said notice could be served within any reasonable term.

Precisely, the original project, H.B. No. 384, creating a uniform proceeding for all cases of seizure of property, did not fix any term within which the service of notice of properties so seized should be made.[2] The House Juridical Com-

---

[2] Section 2(a) of said project provided:

"Section 2.—Whenever a vehicle, mount, vessel or plane were seized by virtue of the provisions of Act No. 6 of June 30, 1936, Act No. 220 of May 15, 1948, Act No. 17 of January 19, 1951 and/or Act No. 2 of January 20, 1956, seizure will be made in the following manner:

"(a) The proceeding shall be begun by the seizure of the property by the Secretary of Justice or Secretary of the Treasury, or through

mittee in informing favorably the approval of the project proposed several amendments thereto, among them, one referring to the service of notice of property seizure which shall be served within ten days following the seizure. In its report said Committee expressed itself thus:

"At present there exist four laws which authorize seizure or confiscation of properties used in violation of some legal provisions, to wit:

(a) Act No. 6, of June 30, 1936, known as the Spirits and Alcoholic Beverages Act.

(b) Act No. 220, of May 15, 1948, known as the Bolita Act.

(c) Act No. 17, of January 19, 1951, known as the Weapons Act.

(d) Act No. 2, of January 20, 1956, known as the Taxes on Articles of Use and Consumption (Excise Act).

"The Weapons Act establishes a proceeding as to the disposal of property seized. The Spirits and Alcoholic Beverages Act establishes another proceeding, as to property seized, under its provisions. The Bolita Act does not fix any proceeding and the proceeding applicable to it was established by the Supreme Court in *General Motors Acceptance Corp.* v. *District Court,*

---

their delegates as the case may be, or through any officer or other peace officer. The owners of the properties so seized, the persons in charge thereof, and any person having any known right or interested therein, will be served with a notice upon the mailing thereof if the address were known, and will be able to challenge the seizure within the term of fifteen (15) days following the service of notice, through a complaint against the Secretary of Justice or Secretary of the Treasury, as the case may be, without giving bond, which will be notified to the Secretary concerned, and the latter should set up his allegations within ten days (10) following service of notice. Complaint shall be filed in the corresponding Part of the Superior Court and shall be heard without subjection to docket. All questions that may arise shall be decided and all other proceedings shall be conducted as in an ordinary civil action. Against the judgment entered no remedy shall lie other than a certiorari before the Supreme Court, limited to issues of law. The service of notice by mail, to the owners, persons in charge thereof, or other persons interested therein, shall be understood to have been served with the mere deposit thereof in the post office. Provided, that the filing of the challenge within the term fixed herein shall be considered as a previous jurisdictional requisite for the exercise of the action authorized here." (X-II Journal of Proceedings 994 (1958).)

70 P.R.R. 898. The Excise Act does not establish any specific proceeding either, for which reason the doctrine of the afore-cited case of General Motors Acceptance Corporation would be applicable thereto.

"Under any of the Acts set forth, the situation today becomes extremely onerous for the owner of the property attached, since the proceedings *are extremely dilatory,* and when finally the property can be sold, it has depreciated considerably creating a loss for the owner.

"The present legislative measure creates a uniform proceeding for all cases of seizure of property, no matter the agency, officer or law which intervenes in the seizure. The measure, with the proposed amendments, *provides a term of ten days for service on the owner of the seizure, and of the appraisal made on the property;* it grants the owner a term of fifteen days to challenge the seizure, this being a proceeding completely independent from the criminal prosecution that could be pending; it grants the state a term of ten days to answer the incident of challenge; it permits the court to review the appraisal made by the Government officer who intervenes in the matter; it contains provisions for the return of property immediately after the party making the challenge has given bond to the satisfaction of the Court; it permits the immediate sale of the property as soon as the term within which the bond is given has elapsed, and finally, it provides that in case the seizure, in the opinion of the Court, was illegal, it shall return to the person who challenged it the amount of the assessed value, or the sum obtained in the sale at auction, whichever sum is the highest, plus interest thereon at the rate of 6% per annum, counting from the date of the seizure." (X-II Journal of Proceedings 996 (1958).) (Italics ours.)

One of the fundamental purposes of the Act in question is to establish a speedy procedure in the cases of seizure. Our interpretation of the Act is in accordance with this purpose, in the sense that the term of ten days to serve notice of the property seized is mandatory. The fact that the law has expressly provided that the term for filing the complaint is of a jurisdictional character does not militate against this interpretation. Said circumstance proves even

more the legislative intent as to the necessity of making a speedy seizure proceeding.

We conclude, as a consequence, that the trial court did not err in decreeing the nullity of the seizures.

The writs issued will be quashed, and the cases remanded to the trial court.